IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN DOE, JANE DOE 1**, | ) | |
| **and JANE DOE 2,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. **09-1053-MJR-CJP** |
| v. | ) | |
| | ) | |
| **UNITED HEALTHCARE of the** | ) | |
| **MIDWEST, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

This matter is before the court for purposes of docket control.

Plaintiffs filed suit in state court under fictitious names.  The state court granted them

leave to proceed under fictitious names.  **See, Doc. 2, Ex F and G**.

It does not appear the state court decided the issue under the standards which apply in

this Court.  "The use of fictitious names is disfavored, and the judge has an independent duty to

determine whether exceptional circumstances justify such a departure from the normal method of

proceeding in federal courts." ***Doe v. Blue Cross & Blue Shield United of Wisconsin***, **112 F.3d**

**869, 872 (7ᵗʰ Cir. 1997).**   The presumption that a party's name is public information must be

rebutted by showing that the harm of identification outweighs the harm of anonymity.  ***Doe v.***

***City of Chicago***, **360 F.3d 667, 669- 670 (7ᵗʰ Cir. 2004).**  In addition, the judges assigned to this

case are unable to assess potential conflicts of interest without knowing the identities of the

parties.

The Court therefore orders that, on or before **February 26, 2010,** plaintiffs shall (1) file a motion seeking leave to proceed under a fictitious name, and (2) direct a letter to the chambers of the undersigned which sets forth the names of plaintiffs.   The letter shall not be made public, but shall be used only for the purposes of determining whether the judges assigned to this case have any conflicts of interest.

**IT IS SO ORDERED.**

**DATE: February 10, 2010.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**