IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, JANE DOE-1 and JANE DOE-2, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-cv-1053-MJR |
| ) | |
| UNITED HEALTHCARE OF THE MIDWEST, ) | |
| INC., UNITED HEALTHCARE OF ILLINOIS, ) | |
| INC., and UNITED BEHAVIORAL HEALTH, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

On November 17, 2009, John Doe, Jane Doe-1 and Jane Doe-2 filed suit for breach of contract and vexatious refusal to pay benefits against United Healthcare of the Midwest, Inc. ("UHM"), United Healthcare of Illinois, Inc. ("UHI"), and United Behavioral Health ("UBH") in the Circuit Court for Madison County, Illinois. Defendants timely removed the action pursuant to 28 U.S.C. §§ 1331 and 1441(b).

Jane Doe-2 is the daughter of John Doe and Jane Doe-1. Plaintiffs allege that Defendants denied coverage to Jane Doe-2 for inpatient mental health services even though these services were covered under the health insurance agreement entered into by the parties and were recommended by Jane Doe-2's healthcare providers. Plaintiffs submit that Jane Doe-2 met three of the five criteria for inpatient mental health treatment established under UBH's policy guidelines - and was required to meet only one.

Defendants move to dismiss Count II of Plaintiffs' Complaint, contending that Plaintiffs' claim under § 155 of the Illinois Insurance Code (215 ILCS 5/155) is preempted by

ERISA.  Defendants submit the affidavit of Cheryl F. Knoblauch, Senior Legal Services Specialist for OptumHealth, Inc., a UnitedHealth Group, Inc., company.  Doc. 2, Exhibit B, Knoblauch Aff.  Ms. Knoblauch attests that, during the relevant period, Jane Doe-2 was a participant in the group healthcare plan created by John Doe's employer.  Knoblauch Aff. ¶¶ 3-4.  Benefits to participants in the plan were provided under a group health insurance policy issued to the company by UHI.  *Id*. ¶ 5.

To borrow a phrase from Judge Rovner of the Seventh Circuit, "We need not linger too long" on the matter before this Court.  *See United States v. Stephenson*, **557 F.3d 449, 454 (7th Cir. 2009).**  Defendants are correct, as Plaintiffs have essentially conceded.  Plaintiffs state that they have no information to rebut Defendants' claim, and admit that, if the plan is ERISA-based, § 155 of the Illinois Insurance Code is preempted and Count II must be dismissed.

Under § 514(a) of the ERISA statute, ERISA "shall supersede any and all State laws insofar as they may now or hereafter 'relate to' any employer benefit plan." **29 U.S.C. § 1144(a).**  Federal courts have found this preemption clause "deliberately expansive" and have construed its language broadly.  *Pilot Life Ins. Co. v. Dedeaux*, **481 U.S. 41, 46 (1987).**  This expansive approach is taken in an effort to afford "employers the advantage of dealing with one set of uniform regulations, instead of fifty different sets of state regulations." *Bernard v. Michelin North America*, **193 F.Supp.2d 908, 910 (E.D. Tex. 2001),** *citing Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, **904 F.2d 236, 245 (5th Cir. 1990).**

In order to determine whether a state law, as it applies to the benefits at issue, is preempted by § 514(a), a court must find: (1) that the plan at issue falls under the definition of an "employee welfare benefit plan" and (2) that the state law "relates to" the employee benefit plan.

2

*Gawrysh v. CNA Ins. Cos.*, **978 F.Supp. 790, 792 (N.D. Ill. 1997).**

An "employee welfare benefit plan" comprises five elements: (1) a plan, fund or program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits, (5) to participants or their beneficiaries. *Id.*, *citing Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, **805 F.2d 732, 738 (7th Cir. 1986).** The last three prerequisites are either self-explanatory or defined by statute, and require that the plan provide any of the listed benefits at the employer's expense to union members, employees, former employees and their beneficiaries. *Donovan v. C.H. Dillingham*, **688 F.2d 1367, 1371 (11th Cir. 1982).**

The Court's review of the insurance policy at issue makes clear that the plan provides the specific benefits encompassed under ERISA. The plan identifies itself as an ERISA plan and sets forth the specific rights and protections to which participants are entitled under ERISA. Doc. 2-7, p. 10. John Doe's employer established and maintains the plan for the purpose of providing health insurance benefits to employees and their dependents. Accordingly, the Court concludes that the group insurance policy under which Plaintiffs seek to recover benefits is part of an ERISA plan.

In Count II of Plaintiffs' Complaint, they assert at claim under § 155 of the Illinois Insurance Code. This claim relies upon the same factual allegations as those contained in Count I, *i. e.,* that Defendants failed and refused to provide mental health inpatient benefits owed to Jane Doe-2 under the group insurance policy. Ordinarily, state law claims for common law breach of contract, negligence, bad faith, breach of fiduciary duty, or a violation of any other state statutory or common

law which are brought to recover damages for the refusal of an insurance plan to pay a claim "relate to" an employee benefit plan for purposes of ERISA preemption.  *Pilot*, **481 U.S. at 57;** *Terry v. Protective Life Ins. Co.*, **717 F.Supp. 1203, 1204 (S.D. Miss. 1989).**  This Court and other federal courts have found on many occasions that vexatious refusal to pay claims filed under § 155 which seek insurance benefits from employee benefit plans are preempted by ERISA and do not fall under ERISA's "savings" or "deemer" clauses.  *Elliott v. Principal Life Ins. Co.,* **Case No. 02-CV-0387-MJR (S.D.Ill.);** *Burns v. American United Life Ins. Co.,*  **2005 WL 3164233, at \*6 (S.D.Ill. 2005)*;* *Cencula v. John Alden Life Ins. Co.*, **174 F.Supp.2d 794, 799 (N.D. Ill. 2001);** *Lutheran Gen. Hosp., Inc. v. Mass Mut. Life Ins. Co.*, **1996 WL 124449, at \*3  (N.D. Ill. 1996);** *Goodhart v. Benefit Trust Life Ins. Co.*, **1990 WL 205821, at \*3 (N.D. Ill. 1990).**

Consequently, the Court finds that Plaintiffs' claim under § 155 (Count II) "relates to" the employee benefit plan since Plaintiffs attempt to use the statute to recover for a denial of an insurance claim under the plan.  29 U.S.C. § 1132 provides the exclusive provision for civil enforcement of Plaintiffs' rights under the plan and preempts any state cause of action seeking the same relief regardless of how artfully pleaded as a state action.  *Armstrong v. Columbia/HCA Healthcare Corp.*, **122 F.Supp.2d 739, 746 (S.D. Tex. 2000).**  Allowing Plaintiffs to proceed with a claim under § 155 would undermine ERISA's enforcement procedures.  *Cencula***, 174 F.Supp.2d at 800.**

Accordingly, the Court finds that Plaintiffs' claim under § 155 of the Illinois Insurance Code is preempted by ERISA and must be dismissed for failure to state a claim upon which relief can be granted.  For this reason, the Court **GRANTS** Defendants' motion and **DISMISSES** Count II of Plaintiffs' Complaint.

IT IS SO ORDERED.

DATED this 1st day of March, 2010

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
